UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUILLERMO DELGADO DELGADO,

       Petitioner,

                                            CASE NO. 1:25-cv-1249

v.

                                            HON. ROBERT J. JONKER

KRISTI NOEM et al.,

       Respondents.
_____/

## ORDER REGARDING MOTION FOR EMERGENT RELIEF

This matter is before the Court on Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 5). In response to Petitioner's original filing, the Court issued a show cause order and set a schedule for Respondents to address the Petition. (ECF No. 3). Counsel for Respondents have already made an appearance in this proceeding, so the issuance of an ex parte temporary restraining order under Federal Rule of Civil Procedure 65(b) is unnecessary. *See Just. Res. Ctr. v. Louisville-Jefferson Cnty. Metro. Gov't*, No. CIV A 07-209-C, 2007 WL 1302708, at *5 (W.D. Ky. Apr. 30, 2007) (denying the motion for a temporary restraining order as moot when the opposing party had been given notice and an opportunity to respond). Moreover, as explained further below, the Court is not persuaded of the need for emergent relief before Respondents have had an opportunity to respond to the Court's Order to Show Cause. (ECF No. 3). Accordingly, the Court dismisses the Petitioner's request for a temporary restraining order as moot and instructs Respondents to file any response they wish to the motion for preliminary injunction at the same time they file the other items specified in the Order to Show Cause.

The Court has made no final determinations on any of the substantive issues in this proceeding, but Petitioners have failed to convince the Court that anything of record calls for

emergent relief before both sides can be heard on the expedited schedule the Court has already set. (*See id.*) Anytime a person brings a claim that the government is detaining him unlawfully, there is understandable basis for careful and prompt consideration of the issues because loss of liberty is a grave concern. But even assuming the Court ultimately reaches the same conclusion that the vast majority of other courts have reached on the proper application of 8 U.S.C. §§ 1225 and 1226 in light of text, history, and practicality, *see, e.g.*, *Sanchez Alvarez v. Noem*, No. 1:25-CV-1090, 2025 WL 2942648, at *4–*6 (W.D. Mich. Oct. 17, 2025), the fact remains that by Petitioner's own admission he entered the country illegally 16 years ago and has yet to obtain lawful status. (ECF No. 5, PageID.28). Even if this court ultimately rejects the novel position of the Executive Branch in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), a reasonably short detention for Petitioner while the Court analyzes the issues and decides them is not inappropriate.

It is also worth noting that too much haste is rarely good for the advocacy and decision process. Petitioner's own brief, for example, includes an argument about the alleged unlawfulness of an automatic stay regulation—something petitioner supposedly challenges in Claim Three. (ECF No. 5, at PageID.37–38). But this regulation does not obviously have anything to do with this case. Petitioner has no Claim Three in his petition, nor does he mention this regulation anywhere else in his petition. The actual facts of Petitioner's engagement with the immigration process so far are not well enough developed for the Court to assess whether the regulation has any possible application here.

The Court has established a show cause protocol designed to give both sides an opportunity to educate the Court on not only the legal issues cutting across a large swath of cases, but also the particular facts involving this individual petitioner. Overarching legal issues are, of course,

2

important.  But so are the facts of each individual matter.  Here, for example, there is nothing in the original petition that gives the Court any idea of whether Petitioner ever sought asylum or had any other engagement with the immigration authorities during his 16 years here.  The new motion papers allude for the first time to "the opportunity to seek a request for bond redetermination and release from custody prior to September 5, 2025," and a "first master calendar hearing with the Detroit Immigration Court on November 7th." (*Id.* at PageID.29).  These references suggest a history of immigration proceedings of some kind for this petitioner.  And before making decisions on the issues in this case, the Court should have a better factual understanding of what that history is and how, if at all, it affects the issues here.

For all these reasons, Petitioner's motion for a temporary restraining order is **DISMISSED AS MOOT**, and Petitioner's motion for a preliminary injunction will be considered alongside Petitioner's petition for writ of habeas corpus on the expedited schedule already in effect.

**IT IS SO ORDERED.**


Dated:  November 3, 2025              /s/ Robert J. Jonker
                                                          ROBERT J. JONKER
                                                          UNITED STATES DISTRICT JUDGE